**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EMIL ALPERIN, et al.,

        Plaintiffs-Appellants,

   v.

THE FRANCISCAN ORDER (ORDER OF FRIARS MINOR), et al.,

        Defendant-Appellee.

No. 09-17761

D.C. No. 99CV04941 MMC

MEMORANDUM[*]

Appeal from Final Judgment of the United States District Court
for the Northern District of California,
Maxine M. Chesney, District Judge Presiding

Argued and Submitted February 18, 2011
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and ADELMAN, District Judge.[**]

    Plaintiffs, Holocaust survivors, their heirs and related organizations, brought this action against a variety of defendants claiming that during World War II the Nazis installed the Ustasha Regime, a fascist organization, as the ruler of

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Lynn S. Adelman, District Judge for the United States District Court for the Eastern District of Wisconsin, sitting by designation.

Yugoslavia and that the Regime persecuted Serbs, Jews, Roma, and others. Plaintiffs also alleged that in addition to committing genocide and war crimes, the Ustasha Regime systematically looted the property of holocaust survivors placing it in the Ustasha Treasury.

The district court dismissed plaintiffs' claims as presenting non-justiciable political questions. Alperin v. Vatican Bank, 242 F. Supp. 2d 686 (N.D. Cal. 2003). On appeal, this court affirmed the district court's dismissal of plaintiffs' claims involving alleged violations of human rights and international law. Alperin v. Vatican Bank, 410 F.3d 532 (9th Cir. 2005) (Alperin I). However, the court found that plaintiffs' "garden-variety legal and equitable claims for the recovery of property" did not fall into the political question category, id. at 548, and remanded those claims to the district court for further consideration.

In the district court, plaintiffs filed their sixth amended complaint alleging that after the war ended the sole remaining defendant, The Order of Friars Minor ("OFM"), a Catholic Order headquartered in Rome, aided and abetted the Ustasha Regime's crimes. The district court dismissed the complaint for lack of subject matter jurisdiction. The court determined that it lacked jurisdiction under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, because plaintiffs' claims for the recovery of property did not involve violations of the law of nations and because, under

2

<u>Alperin I</u>, plaintiffs' human rights claims presented non-justiciable political questions. The court also concluded that it lacked diversity jurisdiction under 28 U.S.C. § 1332(a) because the complaint included both foreign plaintiffs and a foreign defendant. Subsequently, plaintiffs sought to reopen the judgment so that they could amend their complaint, drop the foreign plaintiffs and thus perfect diversity jurisdiction. However, the district court denied the motion. Plaintiffs appeal both of the district court's rulings.

For a claim to be cognizable under the ATS, a complaint must allege that the defendant committed acts which contravene a specific, universal, obligatory norm of international character. <u>Sosa v. Alvarez-Machain</u>, 542 U.S. 692, 724-25, 732 (2004) (citing favorably <u>In re Estate of Marcos Human Rights Litig.</u>, 25 F.3d 1467 (9th Cir. 1994)). Plaintiffs argue that they satisfy this burden by having alleged that the OFM aided and abetted the Ustasha Regime's commission of the offense of brigandage. Plaintiffs contend that brigandage is akin to piracy, an offense which indisputably violates international law.

We agree with the district court that plaintiffs failed to allege an offense cognizable under the ATS. Blacks Law Dictionary 219 (9th ed. 2009) defines brigandage as "plundering and banditry carried out by bands of robbers." We have found no authority holding that such conduct violates a "specific, universal and

3

obligatory" norm of international character. Moreover, even if we define brigandage broadly, as plaintiffs do, to include organized robbery by a governmental entity, plaintiffs' claim presents a non-justiciable political question. Alperin I at 559-61 (holding that claim that defendants committed war crimes by assisting Ustasha Regime in preserving its Treasury was non-justiciable because it would require a court to review the foreign policy judgment of a coordinate political branch).

Plaintiffs do not dispute that the district court correctly determined that their complaint did not establish diversity jurisdiction under § 1332(a) because of the presence of foreign plaintiffs and a foreign defendant. See Nike, Inc. v. Comercial Iberica De Exclusivas Departivas, S.A., 20 F.3d 987, 991 (9th Cir. 1994). Rather, they suggest that the court should have permitted them to reopen the judgment to amend their complaint by dropping the foreign plaintiffs. The district court concluded that plaintiffs made a tactical decision to rely exclusively on the ATS rather than on diversity jurisdiction and that they lacked a basis to reopen the judgment under either Federal Rule of Civil Procedure 59 or 60. In reaching this conclusion, the district court did not abuse its discretion.

Finally, plaintiffs ask this court to dismiss the foreign plaintiffs under Federal Rule of Civil Procedure 21 to assist it in perfecting diversity jurisdiction.

Although in rare cases an appellate court may drop a dispensable nondiverse party in the interest of efficiency, see, e.g., Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832-33, 837-38 (1989), it would be improper to do so here.  Even if we dropped the foreign plaintiffs, plaintiffs would still need to reopen the judgment of dismissal and, as discussed, the district court reasonably concluded that they presented no grounds to do so.  Therefore, the decision of the district court is

**AFFIRMED**.